UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                  :

**PETER A CENTENO**,

                Plaintiff,             **ORDER ADOPTING REPORT AND RECOMMENDATION**

    – against –

                           23-CV-8173 (AMD) (JMW)

**THE BOARD OF EDUCATION OF HICKSVILLE, UFSD,** *A Whole Corporate Body Established Under NYS ED. Law Chapter 16, Title 2, Article 35,* **PHILIP HECKLER,** *individually, and as board president,* **BRENDA JUDSON,** *individually, and as board vice president,* **SUNITA MANJREKAR,** *individually, and as board secretary,* **LINDA IMBRIALE,** *individually, and as board trustee,* **IRENE CARLOMUSTO,** *individually, and as board trustee,* **ANNETTE BIENER,** *individually, and as board trustee,* **CARLA HOENE,** *individually, and as board trustee,* and **MARIANNE LITZMAN,** *individually, and as superintendent of schools*,

                Defendants.

------------------------------------------------------------------ X

**PETER A CENTENO**,

                Plaintiff,

                         24-CV-664 (AMD) (JMW)

    – against –

**THE COUNTY OF NASSAU,** *a municipal corporation, as defined under NYS GCN Chapter 22, Article 2-A, section 65(b)(1) and section 66(2),* **NASSAU COUNTY POLICE DEPARTMENT,** *a public corporation, existing under, and by virtue of the laws of the State of New York,* **ERIK O KAHL,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 1423,*

|  | : |
|---|---|
| **CHRISTOPHER R STONE,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 9935,* **TIMOTHY J INGRAM,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 10158,* **CHRISTOPHER J INGRAM,** *individually, and as police detective for NCPD, and THE COUNTY OF NASSAU, 1441,* **JOHN A WELLENREUTHER,** *individually, and as police sergeant for NCPD, and THE COUNTY OF NASSAU, 9147,* and **MELISA B CIARAMITARO,** *individually, and as police officer for NCPD, and THE COUNTY OF NASSAU,* | : : : : : : : : |
| Defendants. | : : |

------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On March 11, 2025, Magistrate Judge James Wicks issued a Report and Recommendation in which he recommended that the Court dismiss the above actions for failure to prosecute. Both complaints concern events surrounding the *pro se* plaintiff's arrest for criminal trespassing at Hicksville High School in 2022. The Court consolidates these actions solely for the purpose of this order.

On November 2, 2023, the plaintiff commenced a 42 U.S.C. § 1983 action against the Board of Education of Hicksville, USFD ("Board"), Board members and trustees, and the superintendent of schools. *Centeno v. Bd. of Educ., USFD,* No. 23-CV-8173 (E.D.N.Y.) ("First Action"). Subsequently, on January 29, 2024, the plaintiff commenced a separate 42 U.S.C. § 1983 action against the County of Nassau, the Nassau County Police Department, police detectives, a police sergeant, and a police officer. *Centeno v. County of Nassau*, No. 24-CV-664 (E.D.N.Y.) ("Second Action").

The plaintiff has not taken any action in these cases or communicated with the Court for months. His last activity in the first action was his appearance at a status conference on May 16, 2024. (*See* ECF No. 37, First Action.) He has not taken any action in the second action since he filed the complaint over a year ago. Judge Wicks has mailed orders to the plaintiff's address, which have been returned as undeliverable. (*See, e.g.*, ECF No. 45, First Action; ECF No. 20, Second Action.) Judge Wicks set a February 21, 2025 conference for both actions and warned that the plaintiff's failure to appear would warrant dismissal of both cases. (ECF No. 48, First Action; ECF No. 21, Second Action.) When the plaintiff did not appear at the February 21, 2025 conference, Judge Wicks wrote in the minute order that he would recommend that the Court dismiss the actions for failure to prosecute. (ECF No. 50, First Action; ECF No. 25, Second Action.) The plaintiff did not respond or otherwise communicate with the Court. Moreover, the plaintiff has not responded to the defendants' motions to dismiss in either action.[1]

As explained above, Judge Wicks issued a report and recommendation, recommending that the Court dismiss the cases for failure to prosecute. (ECF No. 52, First Action; ECF No. 28, Second Action.) No party has filed an objection to the report and recommendation and the time for doing so has passed.

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

---

[1] The defendants filed their motions on May 23, 2024 and May 30, 2024. (ECF No. 39, First Action; ECF No. 13, Second Action.)

I have carefully reviewed Judge Wicks's thorough and well-reasoned report and recommendation for clear error and find none. Accordingly, I adopt the report and recommendation in its entirety and order that the complaints in both actions be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) ("Dismissal with prejudice is a harsh remedy to be utilized only in extreme situations.") (internal quotation marks and citation omitted); *Murphy v. Rodriguez*, No. 23-CV-6998, 2025 WL 623694, at *1 (S.D.N.Y. Feb. 26, 2025) (dismissing case without prejudice for failure to prosecute where "Plaintiff has not communicated with the Court for the past nine months"); *Pratt v. Behari*, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (ordering that the plaintiff's case be dismissed without prejudice for failure to prosecute if the plaintiff does not update his address with the Court within two weeks).

The Clerk of Court is respectfully directed to close both cases, mail a copy of this Order to the plaintiff, and note the mailing on the docket for both actions.

**SO ORDERED.**

s/Ann M. Donnelly

_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 27, 2025

4